UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EARL L. RUSSELLBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00057-WTL-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| TERESA LITTLEJOHN, | ) | |
| RICH LARSEN, | ) | |
| CORIZON HEALTH INC., | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Service of Process**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint names the following defendants: 1) Richard Brown, 2) Teresa Littlejohn, 3) Rich Larson, 4) Corizon Health, Inc. ("Corizon"), and 5) Wexford Health Sources, Inc. ("Wexford"). The plaintiff alleges that the defendants were deliberately indifferent to his loss of vision in one eye, delaying treatment which resulted in permanent vision loss. The loss of vision interferes with his ability to read, work, and avoid potential altercations with other inmates. He alleges that Corizon and Wexford have a policy, enforced by Richard Brown, of delaying treatment for inmates outside the age range of 19-62 years because treatment costs for those inmates are not offset by the HIP 2.0 Medicaid expansion program.

He further alleges that Teresa Littlejohn violated Indiana Department of Correction ("IDOC") policy by requiring inmates to request grievance forms from their caseworkers and by failing to investigate grievances. Finally, he alleges that Rich Larson, Wabash Valley's Public Information Officer, responded to a grievance the plaintiff had filed complaining about how Teresa Littlejohn handled his medical grievances. In that response, Mr. Larson summarized the status of the plaintiff's vision problems. The plaintiff alleges that release of his medical records to Mr. Larson violated Wexford and Corizon policy, HIPAA laws, and his right to privacy. He seeks declaratory and injunctive relief, and compensatory and punitive damages.

## III. Claims Which Are Dismissed

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, the claims against Teresa Littlejohn are **dismissed**. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because Mr. Russelburg had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

Furthermore, the factual allegations do not support a deliberate indifference claim against Ms. Littlejohn. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). The complaint alleges that Ms. Littlejohn is a grievance specialist and there is no indication that she has any legal training or was otherwise responsible for making medical decisions regarding Mr. Russelberg's treatment. There are no allegations that Ms. Littlejohn was made personally aware

of Mr. Russellburg's vision issue before he saw an outside specialist, so she could not have been deliberately indifferent to his medical condition.

Second, the claims against Richard Brown are **dismissed** for the same reasons the claims against Ms. Littlejohn are dismissed. In addition, his alleged enforcement of Corizon and Wexford policy is insufficient to raise a deliberate indifference claim against Mr. Brown. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. The complaint contains no allegations that Mr. Brown was aware of Corizon or Wexford's alleged policy of delaying treatment for particular inmate, nor that he was aware of Mr. Russelburg's vision issue.

Finally, the claims against Rich Larsen are **dismissed**. According to the complaint, Mr. Larsen responded to one of Mr. Russelburg's grievances after he had been seen by an outside specialist. Mr. Russelburg complains that Mr. Larsen's response contained information from Mr. Russelburg's medical records. He argues that Mr. Larsen, as the facility's public information officer, had no right to access Mr. Russelburg's medical records and that such access violated Corizon and Wexford policy and HIPAA. Allegations that a defendant's actions violated an internal policy of the Indiana Department of Correction or its contractors are not alone sufficient

to state a constitutional claim. To the extent that Mr. Russelburg asserts a claim under HIPAA, such claim is also not viable because HIPAA does not create a private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011), *citing Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006).

### IV. Claims Which Shall Proceed

Because Corizon and Wexford act under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Corizon or Wexford, Mr. Russelburg must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon and Wexford. Mr. Russelburg has effectively alleged that these corporate defendants have a practice of delaying medical care for serious medical needs and as a result the damage to his eye became permanent and he continues to suffer from cataracts. Mr. Russelburg has adequately alleged a policy claim against the corporate defendants. The claim that Mr. Russelburg's Eighth Amendment rights were violated by Corizon and Wexford **shall proceed.**

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 13, 2018,** in which to identify those claims.

## V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Corizon Health, Inc. and Wexford Health Sources, Inc. in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint, Dkt. No. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 3/19/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EARL L. RUSSELLBURG
863824
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

CORIZON HEALTH INC.
103 POWELL CT,
BRENTWOOD, TN 37027

WEXFORD HEALTH SOURCES, INC.
C/O DOUGLAS P. LONG, REGISTERED AGENT
500 N. MERIDIAN, SUITE 300
INDIANAPOLIS, IN  46204

Courtesy Copy to:

DOUGLASS R. BITNER
KATZ KORIN CUNNINGHAM PC
334 N. SENATE AVENUE
INDIANAPOLIS, IN  46204

JEB CRANDALL
BLEEKE DILLON CRANDALL ATTORNEYS
8470 ALLISON POINTE BOULEVARD
SUITE 420
INDIANAPOLIS, IN 46250